UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL RICHARD JACKSON,

       Petitioner,

v.                                       Case No. 2:11-CV-419

ROBERT NAPEL,                        HON. GORDON J. QUIST

       Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On December 22, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R) in which he recommended that this Court deny Petitioner's habeas petition and deny Petitioner a certificate of appealability.  In particular, the magistrate judge addressed Petitioner's claims that the trial court improperly denied his request for new appointed counsel, that the trial court failed to honor Petitioner's request to represent himself, that the state court erred in denying a reduction of offense variable 8, and that the trial court erred in failing to remove one of the jurors from the panel, and concluded that they all lacked merit.  On January 16, 2015, the Court entered an order granting Petitioner's motion for enlargement of time to file an objection.  Petitioner has now filed an Objection.

Pursuant to 28 U.S.C. § 636(b)(1), when a party files written objections to a report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  After conducting a *de novo* review of the December 22, 2014 R & R, as well

as Petitioner's Objection, the Court concludes that the Objection should be overruled and that the

R & R should be adopted.

In his Objection, Petitioner does not address any of the grounds he raised in his petition or

that the magistrate judge addressed in the R & R.  Instead, Petitioner asserts that certain factual

statements in the R & R, based on trial testimony, were not credible.  In particular, Petitioner takes

issue with the statements that "Petitioner and another man, Ortez Smith, came in the back door," (R

& R at 2), "Petitioner and Smith, who were both wearing scarves as masks and carrying shotguns,

forced themselves into the baby's bedroom," (*id.*), and "Officers Perin and Jamie Lapratt found a

wallet belonging to one of the victims, a sweatshirt matching the description of the sweatshirt worn

by Petitioner during the break-in, and a shotgun in Petitioner's car." (*Id.* at 3.)  However, none of

these arguments are responsive to the R & R, and they are not the proper subject of a habeas petition

because the trier of fact—not a federal habeas court—bears the responsibility of weighing the

evidence and resolving conflicts in testimony.  *See Isabell v. Curtis*, 36 F. App'x 785, 787 (6th Cir.

2002).  Accordingly, Petitioner has not presented any meritorious reason for this Court to reject the

R & R, which the Court concludes is correct.

"Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of

appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth

Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*,

263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment

of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 22, 2014 (dkt. # 22) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objections to Report and Recommendation (dkt. # 27) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.

A separate judgment will enter.


Dated: March 9, 2015                                  /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE